# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM ARGEL, <br><br> Plaintiff, <br><br> v. <br><br> GODWIN, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00597-NONE-BAM (PC) <br><br> ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 9) |

Plaintiff John William Argel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint has not yet been screened.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed June 7, 2021. (ECF No. 9.) In his motion, Plaintiff again states that he cannot afford to hire a lawyer, his imprisonment will greatly limit his ability to litigate this case, and the issues in this case are very complex. Plaintiff further argues that a lawyer is needed for issues involving the health and safety of Plaintiff and the general population, and to apply the law properly in briefs and before the Court. Plaintiff further argues that a lawyer would assist Plaintiff in the presentation of evidence and the cross examination of opposing witnesses. Plaintiff states that he has made repeated efforts to obtain a lawyer. (*Id.*)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on*

*other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states any cognizable claims. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's second motion to appoint counsel, (ECF No. 9), is HEREBY DENIED, without prejudice.
IT IS SO ORDERED.

Dated: **June 8, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2