# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM ARGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GODWIN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00597-NONE-BAM (PC)<br><br>ORDER GRANTING MOTION TO SUPPLEMENT THE COMPLAINT<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff John William Argel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened. Currently before the Court is Plaintiff's motion for leave to file a supplemental complaint, filed July 12, 2021. (ECF No. 11.)

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint. *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Flaherty v. Lang*, 199 F.3d 607, 613 n.3 (2d. Cir. 1999). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R.

1

Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

In his motion, Plaintiff states that he wishes to supplement his original complaint due to new facts that occurred after the filing of the original complaint. (ECF No. 11.) Specifically, Plaintiff states that prison staff has attempted to transfer him or put him in situations that would jeopardize his health and safety as reprisals for filing his complaint. (*Id.*) Although Plaintiff has not submitted his proposed supplemental complaint, it does appear that Plaintiff is attempting to add allegations that relate back to the claims raised in the original complaint. Further, Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to supplement the complaint shall be granted, and Plaintiff will be permitted to file a first amended complaint which includes the new allegations.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to supplement the complaint, (ECF No. 11), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form;

2

3. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service of this order; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated: **July 14, 2021**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE